MOLINARI, PETITIONER, *v.* LÓPEZ ACOSTA, DISTRICT JUDGE, RESPONDENT.

APPLICATION for a Writ of *Certiorari* to the Judge of the District Court of Guayama in an action for the recovery of alimony.

No. 117.—Decided May 25, 1914.

ALIMONY—APPEAL—STAY OF EXECUTION.—The provisions of section 84 of the Special Legal Proceedings Act of March 9, 1905, are equally applicable to the original judgment allowing alimony and to subsequent decisions increasing the same and therefore the appeal from a decision increasing alimony does not suspend the execution of the decision amending the original judgment.

ID.—JUDGMENT IN ACTION FOR ALIMONY—RES JUDICATA.—A judgment rendered in an action for alimony does not partake of the character of an ordinary final judgment nor does it constitute *res judicata,* but, on the contrary, alimony may be increased, reduced, or totally abolished.

ID.—UNLAWFUL DETAINER.—If the parties insist, all new claims as to alimony, whether to increase or diminish the amount allowed, should be prosecuted in accordance with the procedure in an action of unlawful detainer.

The facts are stated in the opinion.

*Messrs. Rossy & Guillermety* for the petitioner.

*Hon. J. A. López Acosta,* the respondent, filed a brief *pro se.*

*Mr. C. Domínguez Rubio* for the intervenor, Carolina Luzunaris.

MR. JUSTICE WOLF delivered the opinion of the court.

The application for a writ of *certiorari* in this case sets forth that Carolina Luzunaris, as the legitimate mother of

Ignacio Ramón Díaz y Luzunaris, began a suit against her husband, Ramón Pastor Díaz, and against Doña Rufina Molinari de Cividanes claiming support, and a judgment was rendered on November 29, 1907, wherein it was declared that Doña Rufina, as grandmother of the child, should be obliged to give him the monthly pension of $25, inasmuch as his father, Sr. Díaz, was insolvent; that now in the same suit Doña Carolina is asking the modification of the aforesaid judgment to increase the pension to $60, which petition was opposed by Doña Rufina, alleging that her son, Ramón Pastor Díaz, was in condition to support his child Ignacio; that on the 29th day of January of the current year the court rendered an order (*sic*) modifying such judgment and ordering that from that time on Doña Rufina should pay to her grandson the sum of $50 a month; that the defendant, Doña Rufina, appealed from such order on January 29, and under this condition of affairs the district court made another order to require Doña Rufina to pay the $50 in spite of the appeal, or that execution should issue against her property.

The decision of January 29, 1914, was called a "*resolución*" and shows that the parties had a hearing and opportunity of presenting proofs before the court, but that only the complainant presented such proofs. The writ of *certiorari* was duly issued, a written answer filed by the District Judge of Guayama, and briefs filed by the judge and the parties in interest.

The pertinent provisions of the law are sections 215 and 216 of the Civil Code and section 84 of the Law of Special Proceedings, which are as follows:

"Section 215.—When the obligation to support devolves upon two or more persons, the amount that each shall pay shall be proportioned to his respective estate.

"Nevertheless, in cases of urgent necessity and under special circumstances, the judge may order one of them to provisionally pro-

vide such support and he shall have the right to reclaim from the others their corresponding part of the amount.

"When two or more persons claim support at the same time of a person lawfully obliged to give it, and the latter have not sufficient fortune to attend to the needs of all, the order established in the preceding section shall be observed, unless the persons requiring support be the husband or wife and a child subject to *patria potestas,* in which case such husband or wife shall be preferred to the child if they be the mother or father of such child, and if not, the support shall be divided equally between them."

"Section 216.—The amount paid for the support shall be in proportion to the resources of the person providing the same, and in accordance with the necessities of the party receiving it, and shall be reduced or increased in proportion to the resources of the former and the necessities of the latter."

"Section 84.—All claims for temporary maintenance shall be governed by the procedure provided for actions of unlawful detainer. An appeal lies against a judgment rendered in this class of actions. But such appeals shall not be an obstacle to the execution of the judgment."

It is urged on behalf of the respondent that the order of January 29 became a part of the original judgment just as the original order to pay $25 a month formed a part of such original judgment. There is perhaps merit in the contention, but it does not dispose of the objection of the petitioner here, namely, that section 84 of the Law of Special Proceedings only applies to the original judgment and to orders dictated thereafter; in other words, the petitioner maintains that section 84, so far as it suspends execution, only applies to the original judgment and not to any subsequent order modifying the same by increasing or reducing the amount of the monthly pension. According to section 188 of the Code of Civil Procedure, a judgment is a final determination of the rights of the parties in an action or proceeding. But section 216 of the Civil Code provides that the amount of the monthly pension may be reduced or increased in proportion to the resources of the persons obliged to pay such pension and the necessities of the dependent

person; so that the judgment that is rendered in a suit for support has not the character of an ordinary final judgment; it is not *res judicata* in the same sense because the amount awarded thereby may be increased or reduced and, we apprehend, may cease altogether; for example, if the father should be able to pay a monthly allowance and to release the grandmother.

The application in this case for an increase of the monthly allowance was styled a motion and was filed in the same suit. The defendant, however; contested it, alleging the father's ability to support, and the court, after hearing, made a new decision. In every application for a change or increase of an allowance a similar struggle would be likely to arise and the issues originaly raised be re-presented to the court. A claim made by the dependent person is a new one and the conditions and circumstances always change and present new issues, but section 84 of the Law of Special Proceedings provides that all claims for temporary maintenance shall be governed by the procedure for actions of unlawful detainer, that an appeal lies against a judgment rendered in this class of actions, but that such appeal shall not be an obstacle to the execution of the judgment. Perhaps, if the parties insisted, any new claim would have to follow the procedure of an unlawful detainer action, but, be that as it may, we think that any petition for an increase of support is a new claim and the decision rendered thereon is in its essential nature a judgment. The original judgment is subject to change; the new judgment is subject to change. They have essentially the same character; they are each the order rendered by the court on application by a dependent person, and we think that the latter decision may be executed in the same way as the first decision was. Any question of doubt must be resolved in favor of what we think was the plain intention of the Legislature as expressed in sections 215 and 216 of the Civil Code, which contemplated the immediate relief of

the persons applying for support. The petitioner maintains that this intention could only apply to relieve the immediate necessities of a dependent person, but when such necessities are increased the same intention of the Legislature that they should be satisfied attaches to the increased needs of the dependent person. The writ of *certiorari* must be annulled.

*Petition denied and writ discharged.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.

Mr. Justice Hutchison took no part in the decision of this case.